Clerk's Copy

FILED
AT ALBUQUERQUE NM

FEB 1 8 2000

ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK A. THORMAN,

    Plaintiffs,

v.  No. CIV-00-0003 LH/KBM

CITY OF ALBUQUERQUE, BERNALILLO COUNTY
DETENTION CENTER, DIRECTOR OF
BERNALILLO COUNTY DETENTION CENTER,
MEDICAL DIVISION OF THE BERNALILLO COUNTY
DETENTION CENTER, CITY OF SANTA FE AND THE
SANTA FE COUNTY CORRECTIONAL FACILITY (C.C.I.),

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was transferred from Bernalillo County Detention Center



("BCDC") to Santa Fe County Correctional Facility ("SFCF") because of overcrowding at BCDC. He was injured in an assault by other inmates at SFCF and was returned to BCDC the next day. Plaintiff did not receive immediate treatment for his injuries at either facility, but two days later he was taken to the emergency room at University Hospital, where he was diagnosed with bruised ribs and a ruptured kidney. Only "painkillers and aspirin" were prescribed, though no medications were administered until several days later when Plaintiff was given aspirin. He claims his rights under the Eighth Amendment were violated, as a result of both the assault and the denial of medical treatment. The complaint seeks damages.

First, Defendants are not implicated by the alleged assault on Plaintiff. Nothing less than the "'unnecessary and wanton infliction of pain' implicates the Eighth Amendment." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976), and *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). And, although sending a prisoner to an environment where prison officials know he will be in harm's way has been held to violate the Eighth Amendment, *Blankenship v. Meachum*, 840 F.2d 741, 742 (10th Cir. 1988); *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (failure to protect inmate from fellow prisoners may rise to the level of eighth amendment violation), inadvertence or error in good faith will not sustain such a claim. *Id.*; *Gullatte v. Potts*, 654 F.2d 1007, 1012 (5th Cir. 1981). Plaintiff simply alleges he was transferred from one facility to another because of overcrowding; no allegation is made that Defendants knew of possible danger to Plaintiff. The complaint fails to state a claim against Defendants for the assault, and Plaintiff's failure-to-protect claim under the Eighth Amendment will be dismissed.

With respect to the alleged denial of treatment, one of the "core" concerns of the Eighth Amendment is inmate access to necessary medical care. *See Ramos v. Lamm*, 639 F.2d 559, 566 (10th Cir. 1980). In a § 1983 action for damages or injunctive relief, "only 'deliberate indifference to serious

medical needs' of prisoners violates the Eighth Amendment proscription against cruel and unusual punishment." *Id.* at 575 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Deliberate indifference to serious medical needs may be "manifested by . . . denying or delaying access to medical care." *Estelle*, 429 U.S. at 104. To articulate an Eighth Amendment cause of action premised on an allegation that Defendants were deliberately indifferent to his serious medical needs, Plaintiff must allege both that the pain or deprivation he suffered was sufficiently serious and that the Defendants acted with a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991) (citation omitted).

Under the standards described by the United States Supreme Court and the Court of Appeals for the Tenth Circuit, the facts alleged by Plaintiff concerning Defendants' failure to treat his injuries do not support a claim under the Eighth Amendment. Although Plaintiff's injuries were apparently serious, the only treatment prescribed by hospital staff was painkillers. Plaintiff's allegation that Defendants delayed administering pain relief medication for several days is legally insufficient because the delay did not result in substantial harm. *White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (citing *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993); *Hunt v. Uphoff*, --- F.3d ---, ---, 1999 WL 1268340, at *3 (10th Cir. 1999). Here, the delays merely failed to alleviate discomfort caused by existing conditions, and Plaintiff's Eighth Amendment claim will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint be DISMISSED for failure to state a claim upon which relief can be granted; a form of judgment shall be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE